VICENTE TOSADO ZAMOT, Plaintiff, Appellee, and Appellant, *v.* FRANCISCO MORELL and FRANCISCO MORELL, JR., Defendants, Appellant the second, Appellees.

No. 9915.   Argued June 2, 1949.—Decided June 15, 1949.

*F. Prieto Azúar* for defendant, appellant and appellee.   *L. Mercader* for plaintiff, appellee, and appellant.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

In disposing of this case the lower court at the outset stated in its opinion the following:

"`.`         `.`      `.`      `.`      `.`      `.`      `.`

"In our opinion this is a case for damages where the two theories, defendant's as well as plaintiff's, are diametrically opposed to each other and where both parties offer evidence in support of their allegations, so that the task of the trier is to examine or analyze said evidence in order to reach a conclusion as to how the accident where a child six years of age lost his life occurred."

Notwithstanding that the court assumed the correct attitude as to its mission, immediately following it added:

*"We are not convinced by the theory offered by the plaintiff to the effect that the automobile was running zig-zag and*

*at an excessive speed, uncontrolled, and leaving its right-hand side to travel along the right-hand side of the minor, then and there running over him.*

*"The theory of the defendant that the accident was due solely and exclusively to the sudden and unexpected appearance of the minor in the route of the automobile does not convince us either, in view of the evidence presented."* (Italics ours.)

It then makes reference to the inspection which it made of the place where the accident occurred and renders judgment for the plaintiff, thus:

".     .      .      .      .      .

"The chauffeur was driving his automobile *at a high speed,* along a straight stretch of road and could see the wagon carrying cane tails, which according to the evidence was two or three feet high *and at the same time see the presence of minors who were coming behind the wagon,* for he was coming from a higher plane, especially since he was sitting in his automobile at the wheel. Did the chauffeur have an opportunity to avoid the accident? We think *he did.* The defendant was coming along a straight and wide road, without any object to obstruct his visibility *and when he saw the wagon and the pedestrians, among them children six years of age, approaching, he should have reduced the speed, in other words, he should have been more prudent and then he would have had a clear opportunity to avoid the collision where a minor six years of age lost his life.* May contributory negligence be imputed on the minor, Ismael Tosado? We think not. See the ruling of the Supreme Court of Puerto Rico in *Hernández* v. *Acosta,* 64 P.R.R. 166.

".     .      .      .      .      .

"In our opinion, the facts in this case are as we have stated above, and therefore, the aforementioned case is in point. When minors are involved the driver of a vehicle, while traveling along public streets or highways in Puerto Rico should take every precaution and ordinary prudence." (Italics ours.)

■■ We have made every effort to understand under what theory the lower court found the defendant negligent in this case but we are unable to see how. First, it rejected plaintiff's theory, that is, it did not believe his evidence to the effect that the defendant, in driving his automobile, "was

running zig-zag at an excessive speed, uncontrolled, and *leaving his right-hand side to travel along the right-hand side of the minor, then and there running over him.*" Nor did it believe defendant's evidence that the accident was due "solely and exclusively to the sudden and unexpected appearance of the minor in the route of the automobile." Furthermore, ratifying this last conclusion, it asserts further on that since the defendant was coming down grade and sitting on a higher plane he could "see the presence of minors who were coming *behind the wagon with cane tails.*" If the injured minor in this case was coming *behind* the wagon and the accident was not due to his sudden and unexpected appearance in the route of the automobile and the latter was not running zig-zag at a high speed and did not leave its right-hand side to take that of the minor and run over him, how could the defendant, by merely reducing his speed have a "clear opportunity to avoid the collision?" We can not answer this question simply because the lower court did not decide the place in the highway where, according to the evidence, the collision occurred. And this was the most essential fact in the case: the place in the highway where the collision occurred.

We have carefully examined the transcript of evidence introduced in this case, and we are of the opinion that the only way of determining this fact is by giving credit to one of the parties, thereby settling the conflict between them. But this is not the duty of this Court on appeal but of the lower court which in this case failed to comply with it. We say that it committed manifest error in weighing the evidence, inasmuch as by rejecting plaintiff's as well as defendant's evidence, it decided the case on a conclusion *sui generis* which can not be sustained.

The case of *Hernández* v. *Acosta, supra,* cited by the lower court is, in view of its facts, clearly inapplicable to the case at bar. This does not mean that the doctrine of contributory negligence, in cases of children of tender age,

can not be applied to the instant case once the lower court duly establishes its findings.

If the judge who decided this case in the lower court had been the appointed judge, the case could be remanded in order that he could make new findings of fact in the light of the evidence presented by both parties. However, since he was a substitute judge, we must reverse the judgment and remand the case for a new trial.